**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**PATRICK ANTHONY RIBBING *Chief*** — **PLAINTIFF**

**v.** — **CIVIL CASE 1:18-cv-217-HSO-JCG**

**WILLIAM EUGENE HENRY, RAMON CASTILLO *Badge #0133 BPD,* STATE OF MISSISSIPPI, CITY OF BILOXI, and BILOXI POLICE DEPARTMENT** — **DEFENDANTS**

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S SUIT BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND FOR FAILURE TO PROSECUTE AND ABIDE BY ORDERS OF THE COURT**

THIS CAUSE IS BEFORE THE COURT for recommendation of dismissal. *Pro se* Plaintiff Patrick Anthony Ribbing has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff had two opportunities to cure his Complaint in order to state a claim and failed to respond. It is recommended that this suit be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2) and for failure to prosecute and obey orders of the Court under Federal Rule of Civil Procedure 41(b).

## I. BACKGROUND

Ribbing filed his initial Complaint on July 2, 2018, asserting claims against two Defendants, William Eugene Henry and Ramon Castillo. Ribbing referred to

Henry as a "former imposter judge." (ECF No. 1, at 2). Ribbing identified Castillo as "former cop Biloxi PD." *Id.* Ribbing's "Statement of Claim" provided:

> [T]his case is part of a 10 year investigation pertaining to acquisitions and inquiries of an American Indian Matter still ongoing, pertaining to corruption within the criminal justice system as it pertains to American Indians and title 18 U.S.C. § 249.

*Id.* at 4 [all sic in original].

In an Amended Complaint filed as a matter of right, Ribbing named additional Defendants in the caption, namely the State of Mississippi, the City of Biloxi, Mississippi, and the Biloxi Police Department, but provided no discussion regarding these Defendants or Castillo in the substance of the Amended Complaint. In the Amended Complaint, Ribbing identified the bases for jurisdiction as the First, Second, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Amendments to the United States Constitution, but he did not explain why he believes his constitutional rights were violated nor provide underlying facts indicating the basis of his claims.

Ribbing used a form complaint for his Amended Complaint but did not complete the portion of the form that required him to make a "Statement of Claim." Ribbing merely referred to an attachment to the Amended Complaint, which is a Complaint of Judicial Misconduct or Disability, filed by Ribbing against "William Eugene Henry, 1st Judiciary Circus of Biloxi, Mississippi." (ECF No. 3-1). The Complaint of Judicial Conduct indicates that the Complaint concerned litigation in the Municipal Court of Harrison County, Mississippi, identifying the matter as "10-

028691-Docket # 1000018288." *Id.* No further information is provided.

The undersigned screened Ribbing's Complaint as authorized under 28 U.S.C. § 1915, the federal *in forma pauperis* statute. On August 13, 2018, the undersigned issued an Order advising Ribbing that his Amended Complaint was subject to dismissal under 28 U.S.C. § 1915(e)(2) because he made conclusory assertions without providing sufficient facts to state a plausible claim to relief. (ECF No. 7, citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). Ribbing was told that it could not be determined from his pleadings what he claimed happened or what each Defendant allegedly did to violate his constitutional rights.

Ribbing was directed to complete a Magistrate Judge's Questionnaire (ECF No. 7-1) and return it to the Clerk of Court on or before September 7, 2018. The Order requiring Ribbing to answer the Magistrate Judge's Questionnaire was mailed to Ribbing at his address of record via regular mail. Ribbing has not completed and returned the Magistrate Judge's Questionnaire.

After Ribbing's deadline to respond to the Magistrate Judge's Questionnaire passed, the undersigned issued an Order to Show Cause (ECF No. 8) on September 14, 2018, requiring Ribbing to show cause on or before October 5, 2018, why this case should not be dismissed due to his failure to answer the Magistrate Judge's Questionnaire and for failure to prosecute and obey orders of the Court. Ribbing was advised of the Court's authority to dismiss an action for a plaintiff's failure to prosecute or obey a Court order. *See Link v. Wabash R.R.,* 370 U.S. 626 (1962).

Ribbing was warned that his suit was subject to dismissal because he had failed to state a claim or answer the Magistrate Judge's Questionnaire. Ribbing was informed that if he failed to timely respond to the Order to Show Cause, the Court would view it as contumacious conduct and an indication that Ribbing no longer had an interest in pursuing this suit.

The Order to Show Cause was mailed to Ribbing's address of record in Pensacola, Florida, but was returned on September 24, 2018, because it was not deliverable. (ECF No. 9). Ribbing has not responded to the Order to Show Cause or otherwise corresponded with the Court since August 13, 2018.

## II. DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* at 325. To prevent abusive or captious litigation, the federal *in forma pauperis* statute authorizes federal courts to dismiss a claim filed *in forma pauperis* "at any time if the court determines that -- the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Ribbing has made conclusory assertions without providing sufficient facts to state a plausible claim to relief. His Complaint and Amended Complaint do not

state what happened, or when and where it happened. The Complaint and Amended Complaint do not provide enough facts to indicate how each Defendant was involved or what each Defendant did that allegedly caused Ribbing harm or violated his rights. Ribbing's Complaint and Amended Complaint do not state what damages Ribbing allegedly suffered nor advise whether monetary or injunctive relief is sought.

Ribbing has been given opportunities to cure the errors in his Complaint. Ribbing was ordered to respond to the Magistrate Judge's Questionnaire and elaborate on his claims. Ribbing failed to respond to the Magistrate Judge's Questionairre. Ribbing then failed to respond to the Court's Order to Show Cause, which again demanded that he answer the Magistrate Judge's Questionnaire and furthermore show cause why this suit should not be dismissed for failure to state a claim, failure to prosecute, and failure to abide by an order of the Court. The Order to Show Cause was mailed to Ribbing at his address of record and returned as undeliverable.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte. See Link,* 370 U.S. at 630-31; *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Ribbing has not filed a change of address, filed pleadings, responded to Court Orders, or otherwise communicated with the Court since August 2018. Ribbing is apparently no longer interested in pursuing this suit. There is no reason to conclude that lesser sanctions than dismissal would prompt diligent prosecution. The undersigned recommends that Ribbing's suit be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted, and under Federal Rule of Civil Procedure 41(b) for failure to prosecute and abide by orders of the Court.

## III. NOTICE OF RIGHT TO OBJECT/APPEAL

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or

> parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 19th day of November, 2018.

s/ John C. Gargiulo
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE